IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI, a/k/a J. R. Wilkerson,<br><br>                    Petitioner,<br><br>          vs.<br><br>DOMINGO URIBE, JR.,[1] Warden (A), California State Prison, Centinela,<br><br>                    Respondent. | No. 2:08-cv-00925-JWS<br><br>MEMORANDUM DECISION<br>and<br>ORDER<br>[Motion at Docket No. 18] |

Petitioner Adonai El-Shaddai, a/k/a J. R. Wilkerson, a state prisoner appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  El-Shaddai is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Centinela.  Respondent has answered and El-Shaddai has replied.  El-Shaddai has also requested an evidentiary hearing and moved for appointment of counsel [Docket No. 18].

I. BACKGROUND/PRIOR PROCEEDINGS

In September 1979 following a jury trial, El-Shaddai was convicted in the Los Angeles County Superior Court of kidnapping, rape, acting in concert, and grand theft auto.  The trial court sentenced El-Shaddai to an indeterminate prison term of seven years to life.  In March 2007 El-Shaddai made his tenth appearance before the Board of Prison Terms ("Board"), which

---

[1] Domingo Uribe, Jr., Warden (A), California State Prison, Centinela, is substituted for V. M. Almager, Warden, California State Prison, Centinela.  Fed. R. Civ. P. 25(d).

denied him parole for a period of two years.  El-Shaddai filed a petition for habeas relief in the Los Angeles Superior Court, which denied his petition in an unreported reasoned decision.  El-Shaddai then filed a petition for habeas relief in the California Court of Appeal, Second District, which denied his petition in an unreported reasoned decision, and the California Supreme Court summarily denied his petition for habeas relief to that court without opinion or citation to authority on March 12, 2008.  El-Shaddai timely filed his petition for relief in this court on April 27, 2008.

The facts underlying El-Shaddai's commitment offense, as recited by the Los Angeles Superior Court, are:

> . . . . The record reflects that on November 22, 1978, [El-Shaddai] and his crime partner kidnapped the victim at gunpoint as she attempted to enter her car parked in a liquor store parking lot. [El-Shaddai] kept the muzzle of a shotgun at the victim's neck and tied a nylon sock over her eyes and mouth.  She was told to keep her head between her legs.  After five to ten minutes, [El-Shaddai's] crime partner started the car.  They drove to a bail bonds office in Compton and discussed robbing the office using the victim as a hostage; however, the office was closed.  While looking for another place to commit a robbery, [El-Shaddai] decided to rape the victim.  He and his partner removed her clothing. [El-Shaddai] raped the victim while the driver waited outside.  After [El-Shaddai] was finished, his crime partner raped her as well.  They then decided it was too late to commit the robbery.  They drove for a while, before [Shaddai's] crime partner exited the vehicle.  Three minutes later, [El-Shaddai] untied the victim, gave her time to collect some papers from her car and then let her go.  [El-Shaddai] kept the car.  The victim was able to see [El-Shaddai] out of the corner of her eye and later identified him.  [El-Shaddai] claims he was not involved in the crime and that he won the car while gambling.[2]

---

[2] Docket No. 12-3, pp. 2-3.

## II. GROUNDS/RAISED/DEFENSES

In his petition, El-Shaddai raises four grounds for relief: (1) denial of his Sixth Amendment right to have a jury determine all facts essential for the imposition of sentence; (2) actual innocence; (3) the Board failed to take judicial notice of the findings of the California Court of Appeal on his direct appeal; and (4) the Board denied him due process and equal protection by failing to credit him with good time and work credits under applicable California law.  Respondent asserts that El-Shaddai's second ground is untimely and procedurally barred.  Respondent asserts no other affirmative defense.[3]

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

---

[3] *See* Rules—Section 2254 Cases, Rule 5(b).

[4] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

power of the Supreme Court over federal courts.[6] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[7] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[8] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[9] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[10] In a federal habeas proceeding, the standard under which this court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[11] Because state court judgments of

---

[6] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[7] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[8] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[9] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[10] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

[11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[12]

In applying this standard, this court reviews the last reasoned decision by the state court,[13] which in this case was in part that of the Los Angeles Superior Court and in part that of the California Court of Appeal.  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[14]  This presumption applies to state trial courts and appellate courts alike.[15]

## IV.  DISCUSSION

Two arguments raised by the Respondent may be disposed of quickly.  First, that a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is well settled in this circuit.[16]  Second, it is equally as well settled that a decision of the California Board of Parole Hearings to deny a prisoner parole must be supported by some evidence in the record.[17]  Thus, Respondent's arguments on those two points are foreclosed by controlling authority.[18]

---

[12] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[13] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[14] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[15] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[16] *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006).

[17] *Id.* at 1128-29 (citing *Superintendent v. Hill*, 472 U.S. 445, 457 (1985))

[18] Respondent candidly acknowledges that his contrary position is foreclosed by controlling authority and only raises them in order to preserve the issue for appeal.

Ground 1:  Sixth Amendment Violation.

In his petition, El-Shaddai contends that the Board impermissibly found that:  (1) the offense was carried out in an especially cruel and callous manner; (2) the victim was particularly vulnerable; (3) the offense was carried out in a dispassionate and calculated manner; and (4) the victim was abused and defiled during the process.  El-Shaddai argues that these factors are only applicable to convictions for murder, not to life sentences for other offenses, such as the offenses for which he was convicted.  In his traverse, El-Shaddai varies his argument, contending that according to the matrix in the regulations, the Board should have set his primary term at 10, 12, or 14 years.[19]  Under the regulations, the Board may impose the upper term or longer based upon certain enumerated factors.[20]  El-Shaddai argues that, under *Cunningham*, because the Board extended his "sentence" beyond the statutory maximum, which is the mid-term, the factors had to be determined by a jury.[21]  In rejecting El-Shaddai's argument, the California Court of Appeal held:

> Petitioner first contends he was deprived of the right to have a jury determine beyond a reasonable doubt all the facts legally essential to his sentence. (*Cunningham* v. *California* (2007) 549 U.S. ___, ___ [127 S.Ct. 856, 870-871]). In *Cunningham,* the United States Supreme Court invalidated California's Determinate Sentencing Law to the extent it allows a trial court to consider at the time of sentencing certain aggravating factors that were not found by a jury to be true beyond a reasonable doubt, other than prior convictions. (Pen. Code, § 1170, subd. (b).)  *Cunningham* does not apply where, as here, the defendant is serving an indeterminate sentence.[22]

---

[19] Cal. Admin. Code Regs., tit. 15, § 2282(c).

[20] Cal. Admin. Code Regs., tit. 15, § 2283(a).

[21] *Cunningham v. California*, 549 U.S. 270, 288-90 (2007).

[22] Docket 12-5, p. 2.

Neither the Supreme Court nor the Court of Appeals for the Ninth Circuit has held that *Cunningham* applies in the context of setting a parole date. Indeed, the Ninth Circuit has held that the Sixth Amendment is not implicated in supervised release revocation proceedings and nothing in *Cunningham* calls into question the continued viability of that holding.[23] In the absence of an express holding by the Supreme Court that *Cunningham* applies to California parole proceedings, this court cannot find that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[24] Nor can this court find that the state court unreasonably applied the correct legal principle to the facts of El-Shaddai's's case within the scope of *Andrade-Williams-Schriro*. El-Shaddai is not entitled to relief under his first ground.

Ground 2: Actual Innocence.

El-Shaddai contends that he is actually innocent. El-Shaddai bases this argument on an allegation that he was convicted on the basis of a falsified identification by the victim. In rejecting El-Shaddai's position, the California Court of Appeal held:

> Petitioner next contends he is actually innocent of the crimes for which he was convicted because the conviction was based on the victim's "perjured identification" of him. Petitioner is procedurally defaulted from raising this issue due to his unexplained delay in seeking relief. (*In re Clark* (1993) 5 Cal.4th 750, 782.)[25]

---

[23] *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008) (citing *United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006).

[24] 28 U.S.C. § 2254(d).

[25] Docket No. 12-5, p. 2.

Respondent contends this ground is both untimely and procedurally barred. The court agrees on both points. Under 28 U.S.C. § 2244(d)(1) a petition for habeas corpus must be brought within one year of the later of the date (1) the conviction is final, (2) upon which an impediment to filing created by state action is removed, (3) upon which the constitutional right asserted was first recognized by the Supreme Court, or (4) upon which the factual predicate of the claim or claims could have been discovered through reasonable diligence. El-Shaddai's conviction occurred nearly 30 years before he filed his petition, and El-Shaddai neither contends nor asserts a factual basis for application of any of the other three later triggering events. Thus, as to his second ground, El-Shaddai's petition is untimely.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[26] This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[27] The California Court of Appeal unequivocally held that El-Shaddai's petition on this ground was untimely. The Supreme Court has indicated that it "found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month delay 'reasonable'"[28] An unexplained

---

[26] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[27] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[28] *Evans v. Chavis*, 546 U.S. 189, 201 (2006).

delay of nearly 30 years is certainly far beyond the time that would be considered reasonable. "When a postconviction petition is untimely under state law, 'that is the end of the matter.'"[29]

The court agrees with Respondent that, because El-Shaddai's claims were defaulted in state court on an adequate and independent state ground, they will not be considered in a federal habeas proceedings unless El-Shaddai can demonstrate cause for the default and actual prejudice.[30] To prove a fundamental miscarriage of justice, El-Shaddai must show that a constitutional violation probably resulted in his conviction despite his actual innocence.[31] Although at the gateway stage El-Shaddai need not establish his innocence as an "absolute certainty," El-Shaddai must demonstrate that more likely than not, no reasonable juror could find him guilty beyond a reasonable doubt.[32] El-Shaddai has failed to make such a preliminary showing.

Furthermore, El-Shaddai's actual innocence claim is essentially predicated upon his claim that the evidence was insufficient to sustain conviction. However, an actual innocence claim must be based upon "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented

---

[29] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

[30] *See Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[31] *See Schlup v. Delo,* 513 U.S. 298, 321-25 (1995) (linking miscarriages of justice to actual innocence); *United States v. Olano,* 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); *Murray v. Carrier,* 477 U.S. 478, 496 (1986) ("in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.")

[32] *House v. Bell*, 547 U.S. 518, 538 (2006).

at trial."[33]  In addition, prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of the new evidence,"it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[34]  El-Shaddai presents no such additional credible evidence.  El-Shaddai is not entitled to relief under his second ground.

Ground 3:  Failure to Take Judicial Notice of Court of Appeal Decision on Direct Appeal.

El-Shaddai's argument does not logically follow the caption he used for this ground.  It appears from his argument that El-Shaddai contends that he should have been granted parole because (1) he is actually innocent and (2) the circumstances of his commitment offense are insufficient to support a finding that he will pose an unreasonable risk of danger to the public if released on parole.  In denying his petition for habeas relief, the Los Angeles Superior Court held:

> The Court has read and considered [El-Shaddai's] Writ of Habeas Corpus filed on June 28, 2007.  Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole (See Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Ca1.4th 616, 667 (hereafter *Rosenkrantz*).)
>
> \* \* \* \*
>
> The Board found [El-Shaddai] unsuitable for parole after a parole consideration hearing held on March 1, 2007.  [El-Shaddai] was denied parole for two years.  The Board concluded that [El-Shaddai] was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety.  The Board based its decision on several factors, including his commitment offense.

---

[33] *Schlup*, 513 U.S. at 324.

[34] *Id*. at 327.

> The Board found that [El-Shaddai] has not demonstrated that "he understands the nature and magnitude of the offense," (Cal. Code Regs., tit. 15, §228I, subd. (d)(3)) and other psychological factors. (Cal. Code Regs., tit. 15, §228I, subd. (c)(5).) According to a November 4, 2006 psychological evaluation, [El-Shaddai] demonstrates "a level of apathy toward the victim and only expressed really cursory remorse." (*Reporter's Transcript,* March 3, 2007, p. 52.) The psychologist diagnosed [El-Shaddai] with antisocial personality disorder and found, "no evidence to suggest a decreased propensity for violence." (*Id* at 53.) This psychological report, as well as the previous report dated June 21, 2003, concluded that [El-Shaddai] is not an appropriate candidate for parole. This is some evidence to support the Board's denial.
>
> The Board also considered [El-Shaddai's] post-conviction conduct and activities in denying parole. The record reflects that [El-Shaddai] has engaged in serious misconduct in prison. (Cal. Code Regs., tit. 15, §228I, subd. (c)(6).) [El-Shaddai] has received a total of 89 CDC 115s throughout his incarceration, the last in 2005 for willfully resisting a peace officer. He has been disciplined for violent behavior in the past. He has also received 61 CDC 128As for less serious behavioral problems. Given this extensive disciplinary history, the Board was justified in concluding that [El-Shaddai] must remain discipline-free for a longer period before he is suitable for parole. The Board also found that [El-Shaddai's] self-help programming had been insufficient, particularly during the time period since his prior parole suitability hearing. This indicates that he has not participated in institutional activities that indicate an enhanced ability to function within the law upon release. (Cal. Code Regs., tit. 15, §2281, subd. (d)(9)), *In re Honesto* 130 Cal.App.4th 81, 97.)
>
> Finally, the Board determined that [El-Shaddai] does not have realistic plans for release. (Cal. Code Regs., tit. 15, §2281, subd. (d)(8).) [El-Shaddai] did not produce offers of employment and has not completed vocational certification while in prison. He had no documented parole plans in Los Angeles County, his last county of residence, or elsewhere in California. A lack of realistic plans for the future is some evidence to support the Board's finding of unsuitability. (*In re Honesto, supra,* 130 Cal.App.4th at 97.) Because the factors indicating unsuitability for release presently outweigh those indicating suitability, the petition is denied.[35]

The California Court of Appeal held:

> Finally, we reject [El-Shaddai's] contention that the Board of Parole Hearings erred when it found him unsuitable for parole. There is some evidence

---

[35] Docket No. 12-3, pp. 2-4.

to support the Board's decision.  (*In re Rosenkrantz* (2002) 29 Ca1.4th 616, 667.)[36]

To the extent El-Shaddai contends he is innocent, the court's ruling on his second ground forecloses that argument.  That leaves the challenge to the Board's reliance upon the nature of his commitment offense to deny him a parole.[37]  In *Biggs*, the Ninth Circuit indicated that, although the commitment offense provides some evidence of unsuitability for parole, "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation."[38]  It is this principle that El-Shaddai has drawn into issue in this case.

In this case, the Board relied upon several factors in addition to the nature of the commitment offense.  Consequently, based upon the record before it, this court cannot find that

---

[36] Docket No. 12-5, p. 3.

[37] Under California law, "[t]he nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole." *In re Rosenkrantz*, 29 Cal.4th 616, 682 (2002).  The Board must, however, "point to factors beyond the minimum elements of the crime for which the inmate was committed" that demonstrate the inmate will, at the time of the suitability hearing, present a danger to society if released. *In re Dannenberg,* 34 Cal.4th 1061, 1071, 1095 (Cal. 2005).  Also,"the statutory and regulatory mandate to normally grant parole to life prisoners who have committed murder means that, particularly after these prisoners have served their suggested base terms, the underlying circumstances of the commitment offense alone rarely will provide a valid basis for denying parole when there is strong evidence of rehabilitation and no other evidence of current dangerousness."  *In re Lawrence*, 190 P.3d 535, 553 (Cal. 2008).  Where, however, the record also contains evidence demonstrating that the inmate lacks insight into his or her commitment offense or previous acts of violence, even after rehabilitative programming tailored to addressing the issues that led to commission of the offense, the aggravated circumstances of the crime reliably may continue to predict current dangerousness even after many years of incarceration. *See In re Shaputis*, 190 P.3d 573, 584-85 (Cal. 2008).  "Factors beyond the minimum elements of the crime include, (1) the commitment offense, where the offense was committed in 'an especially heinous, atrocious or cruel manner'; (2) the prisoner's previous record of violence; (3) 'a history of unstable or tumultuous relationships with others'; (4) commission of 'sadistic sexual offenses'; (5) 'a lengthy history of severe mental problems related to the offense'; and (6) 'serious misconduct in prison or jail.'" *Irons v. Carey*, 505 F.3d 846, 851 n.4 (quoting Cal. Code. Regs., tit. 15 § 2402(c)).

[38] *Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003)

the decision of the Los Angeles Superior Court or that of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[39]  Nor can this court find that either state court unreasonably applied the correct legal principle to the facts of El-Shaddai's's case within the scope of *Andrade-Williams-Schriro*.  El-Shaddai is not entitled to relief under his third ground.

Ground 4:  Failure to Credit Good Time and Work Credits.

Here, El-Shaddai merely asserts he is entitled to good time and work time credits in conformance with the California Court of Appeal decision on direct appeal and Cal. Penal Code §§ 2930, 2931.  The court has difficulty in ascertaining just what relief he seeks from this court and on what constitutional basis he seeks relief.  It does not appear from the record before the court that the Board is denying him either good time or work credits.  On his direct appeal, the California Court of Appeal agreed with El-Shaddai that he was entitled to those credits for pre-conviction time credits and indicated that the remedy was to pursue them administratively.[40]

"'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[41]  El-Shaddai's entitlement to good time or work credits is entirely an issue of state law, not one of constitutional dimension.  If El-Shaddai is being denied appropriate credits by the California Department of Corrections and

---

[39] 28 U.S.C. § 2254(d).

[40] Docket No. 12-7, pp. 133-34.

[41] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

Rehabilitation, his remedy lies in the state courts, not a federal court in a federal habeas proceeding.  El-Shaddai is not entitled to relief under his fourth ground.

## V.  MOTIONS

<u>Evidentiary Hearing</u>.

The Supreme Court has held that in determining whether an evidentiary hearing is required in a habeas proceeding:

> The appropriate standard . . . is this:  Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding.  In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.[42]

The Supreme Court further noted:

> Ordinarily [the complete state-court] record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings.[43]

Even if the requirements of *Townsend* are satisfied, AEDPA places severe restrictions on holding evidentiary hearings in federal habeas proceedings.

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>     (A) the claim relies on—
>         (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[42] *Townsend v. Sain*, 372 U.S. 293, 312–13 (1963), *overruled on other grounds Keeny v. Tamayo-Keyes*, 504 U.S. 1 (1992), *superceded by statute*, 22 U.S.C. 2254(e)(2) (1996).

[43] *Id.* at 319.

    (ii) a factual predicate that could not have been previously
   discovered through the exercise of due diligence; and
  (B) the facts underlying the claim would be sufficient to establish by clear
and convincing evidence that but for constitutional error, no reasonable factfinder
would have found the applicant guilty of the underlying offense.[44]

There being no factual matters in dispute, the petition for relief in this case does not warrant the court holding an evidentiary hearing. Therefore, the request for an evidentiary hearing will be denied.

Appointment of Counsel.

Appointment of counsel for financially eligible petitioners in federal habeas proceedings is required if necessary for effective discovery or whenever the court orders an evidentiary hearing be held.[45] In all other instances, counsel may be appointed if "the court determines that interests of justice so require"[46] In this case, appointment of counsel is not required under the rules and the court does not find that the interests of justice require appointment of counsel. The motion to appoint counsel at Docket No. 18 will be denied.

## VI. CONCLUSION AND ORDER

El-Shaddai is not entitled to an evidentiary hearing, appointment of counsel, or relief under any grounds raised in the petition. Accordingly,

**IT IS ORDERED THAT** the request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED THAT** the motion to appoint counsel at Docket No. 18 is **DENIED**.

---

[44] 28 U.S.C. § 2254(e)(2).

[45] Rules—Section 2254 Cases, Rules 6(a) (discovery), 8(c) (evidentiary hearing).

[46] 18 U.S.C. § 3006A(a)(2)(B).

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the court declines to issue a Certificate of Appealability.[47]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[48]

The Clerk of the Court will please enter final judgment accordingly.

Dated: April 1, 2010.

/s/ John W. Sedwick
United States District Judge

---

[47] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).

[48] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.